UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DESMOND KIBBY (#468364)

VERSUS                                             CIVIL ACTION

STEVE RADER, ET AL                                 NUMBER 12-608-JJB-SCR

### NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, December 6, 2012.

                                             */s/ Stephen C. Riedlinger*
                                            STEPHEN C. RIEDLINGER
                                        UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DESMOND KIBBY (#468364)

VERSUS                                                CIVIL ACTION

STEVE RADER, ET AL                                    NUMBER 12-608-JJB-SCR

**MAGISTRATE JUDGE'S REPORT**

Pro se plaintiff, an inmate confined at Hunt Correctional Center, St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Dixon Correctional Institute ("DCI") Warden Steve Rader, Lt. Col. Kilborne, Maj. Turner, Maj. A. Miller, Lt. Roulle, Lt. E. Wall and an unidentified nurse.  Plaintiff alleged that on May 19, 2011, the defendants failed to protect him from an attack by a fellow inmate and the unidentified nurse denied him adequate medical treatment following the incident, both in violation of his constitutional rights.

**I. Factual Allegations**

Plaintiff alleged that prior to May 19, 2011, he was evacuated from Louisiana State Penitentiary ("LSP") to DCI where he was temporarily housed.  Plaintiff alleged that on May 19, 2011, he was confined in a cell with inmate Edrick Chapman.  Plaintiff alleged that inmate Chapman repeatedly asked corrections officers to remove him from the cell because he was afraid the plaintiff would harm

him.  Plaintiff alleged that he also pleaded with Sgt. Jones to remove inmate Chapman from the cell because it was obvious that Chapman was mentally unstable.

Plaintiff alleged that Sgt. Jones notified LSP Lt. Cavalier about the plaintiff's concern.  Plaintiff alleged that Lt. Cavalier and Sgt. Jones discussed whether to restrain the inmates before removing them from the cell but decided against it out of concern that the unrestrained inmate might attack the restrained inmate before he could be removed from the cell.  Plaintiff alleged that the cell door was opened, he was ordered to exit the cell, he was restrained and sent to the front of the tier.  Plaintiff alleged that inmate Chapman was restrained.

Plaintiff alleged that DCI Lt. Wall arrived on the tier and indicated that he did not play games and suggested that they should behave like men and fight.  Plaintiff alleged that Lt. Wall ordered that the plaintiff be placed back in the cell.  Plaintiff alleged that he remained restrained while Lt. Wall removed the restraints from inmate Chapman.  Plaintiff alleged that after inmate Chapman's restraints were removed, inmate Chapman grabbed a pillowcase filled with bars of soap and began striking the plaintiff.

Plaintiff alleged that Lt. Wall had the cell door opened and he and Lt. Cavalier entered the cell and grabbed inmate Chapman. Plaintiff alleged that he was taken to the prison infirmary. Plaintiff alleged that an unidentified nurse refused to provide him

with proper medical treatment. Plaintiff alleged that the nurse advised that the medication he was currently taking would be adequate to address his complaints of pain.

Plaintiff alleged that the ARP was accepted into the two step procedure as ARP DCI-2011-381, and relief was denied.

## II. Applicable Law and Analysis

### A. Frivolous Standard

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:
(c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir.

1992). Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed.  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). *v. Phelps*, 655 F.Supp. 560 (M.D. La. 1985).

### B. Prescription

Plaintiff alleged that on May 19, 2011, the defendants failed to protect him from attack by a fellow inmate and he was denied adequate medical treatment following the incident. For the reasons which follow, the plaintiff's claims are prescribed.

It is well settled that in § 1983 cases, federal courts look to the most consonant statute of limitations of the forum state. *Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573 (1989);  *Kitrell v. City of Rockwall*, 526 F.2d 715, 716 (5th Cir.), *cert. denied*, 426 U.S. 925, 96 S.Ct. 2636 (1976).  For § 1983 cases brought in Louisiana federal courts, the appropriate statute of limitations is one year.  Louisiana Civil Code Article 3492; *Elzy v. Roberson*, 868 F.2d 793 (5th Cir. 1989); *Washington v. Breaux*, 782 F.2d 553 (5th Cir. 1986); *Kissinger v. Foti*, 544 F.2d 1257, 1258 (5th Cir. 1977). Plaintiff signed his complaint on September 20, 2012, and it was filed on September 26, 2012.  Ordinarily, any claims the plaintiff had against these defendants regarding acts which occurred prior to September 20, 2011, have prescribed.

However, the holding in *Harris v. Hegmann*, 198 F.3d 153 (5th Cir. 1999), affects this determination.  In *Harris*, the United

4

States Court of Appeal for the Fifth Circuit concluded that the pendency of properly filed ARP proceedings will act to toll the running of the one-year limitations period for prisoners' claims in this state.

In this, the plaintiff signed ARP DCI-2011-381 on May 29, 2011,[1] and it was accepted into the two step procedure on June 8, 2011.[2] ARP DCI-2011-381 was denied at the Second Step on September 20, 2011.[3]  This ARP tolled the limitations period applicable to the plaintiff's claims, as follows.

Plaintiff alleged that on May 19, 2011, the defendants failed to protect him from an assault by a fellow inmate and he was denied adequate medical treatment following the incident.  From May 19, 2011, the date these claims arose, until  May 29, 2011, the date the plaintiff signed ARP DCI-2011-381, nine days of the limitations period elapsed.

From May 29, 2011, the date the plaintiff filed ARP DCI-2011-381, until September 20, 2011, the date ARP DCI-2011-381 was denied at the Second Step, the limitations period remained tolled.

From September 20, 2011, the date the plaintiff's ARP was denied at the Second Step, until September 20, 2012, the date the plaintiff signed his complaint, an additional 365 days of the

---

[1] Record document number 6-1, pp. 6-7.

[2] *Id.* at 16.

[3] *Id.* at 1.

limitations period elapsed. Excluding the time while ARP DCI-2011-381 was pending, more than one year (374 days) of the limitations period elapsed. By the time the plaintiff signed his complaint, his claims regarding a failure to protect and denial of adequate medical treatment on May 19, 2012 had already prescribed.

## Conclusion

Because it is clear that the plaintiff's claims are prescribed, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Baton Rouge, Louisiana, December 6, 2012.

*[signature]*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE